ROSE KELLY *vs.* W. A. HEALEY COMPANY.

JULY 6, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is an action of trespass on the case for negligence. At the trial in the Superior Court the plaintiff obtained a verdict for $4,000. The case is here on the defendant's exception to the denial of its motion for a new trial

The plaintiff, a single woman, who was probably about seventy years of age, was struck by an automobile owned by the defendant and operated by its servant. The accident occurred at the corner of Arnold and Bentley streets in the city of Woonsocket on a stormy evening when visibility was poor. At the time of the accident the plaintiff, who conducted a small variety store on Arnold street, was crossing said street to go to her store. Although she was lame she was carrying a pail of water in one hand and a pail with coal in it in the other.

The plaintiff testified that when she came to the corner of Bentley and Arnold streets she placed both pails on the curbing before crossing and looked up and down to make

sure that no vehicle was coming in either direction; that nothing was approaching from either side over the long stretch of Arnold street; that she picked up her pails, stepped on to the solid road, looked again and, seeing no vehicle, proceeded to cross; that, when she had reached the other side of the street and was placing her right foot upon the curbing in front of her store, the defendant's automobile, without any signal or warning being given, ran into her and threw her headlong upon the sidewalk.

The driver of the automobile admitted that he saw the plaintiff crossing the street and that he gave no warning or signal. He was driving close to the curbing on his right. It is his contention that the plaintiff succeeded in reaching the sidewalk and then stepped or fell backward into the street in front of the automobile.

The trial justice approved the verdict and we think that as to the question of liability he was justified in so doing. We think, however, that the evidence does not warrant an assessment of damages as high as $4,000.

The plaintiff itemized her expenses and money loss as follows: Hospital, $222.50; nurse, $210; doctor, $138; loss of business—26 weeks at $13.50 per week—$351; total, $921.50. It appears that the gross sales at her store amounted to from $12 to $15 per week. Whether the store was operated at a slight profit or at a loss does not appear; she either could not or would not disclose any information bearing upon the question. Plaintiff received no fractures or dislocations. She did not go to a hospital until two days after the accident, and it is apparent that treatment at a hospital would have been unnecessary except for the fact that she had no home where she could receive proper care. The doctor who cared for her testified that she had pains in her back due to a severe sprain of the sacro-iliac joint, but when it was called to his attention that no surgical tape nor cast was applied to immobilize that joint and that no X-ray was taken, he admitted that the sprain could not have been severe. The same doctor had treated the plaintiff for

460

years for progressive arthritis which caused a permanent lameness of the back and hip joints. She is able personally to conduct her little store. Although her doctor was of the opinion that she could not do so as well as before the accident, she was discharged from the hospital as "cured". From the evidence it is doubtful if the expense of a nurse was reasonably necessary.

We think that the sum of $3,000 would be ample compensation for all damages suffered.

If the plaintiff shall, within ten days from the filing of this opinion, file in the office of the clerk of the Superior Court a remittitur of all of the verdict in excess of $3,000, a new trial is denied. If she shall fail to file such remittitur a new trial is ordered.

*Ambrose Kennedy, James T. Greene,* for plaintiff.
*William S. Flynn, Edmund W. Flynn,* for defendant.